UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY LEE PRESTON,

    Petitioner,

v.

TERRY WILKINS,

    Respondent.

Case No. 25-cv-14154

Honorable Robert J. White

**OPINION AND ORDER DIRECTING THE CLERK OF THE COURT TO TRANSFER THE SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Petitioner Harvey Lee Preston, confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Preston challenges his Oakland County convictions for carjacking, first-degree home invasion, unarmed robbery, and second-degree criminal sexual conduct. Preston's convictions were affirmed on appeal. *People v. Preston*, 2012 WL 5853223, No. 298796 (Mich. Ct. App. Oct. 30, 2012); lv. den. 829 N.W.2d 225 (Mich. 2013). Because his petition is a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3)(A), this Court must direct the Clerk of the Court to transfer the case to the Court of Appeals.

Preston previously filed a federal habeas corpus petition, which was denied on the merits. *Preston v. Gidley*, 2017 WL 4572336; No.14-10606 (E.D. Mich. Oct. 12, 2017); app. dism. No. 17-2389 (6th Cir. Apr. 25, 2018). He has since been denied permission at least fifteen times by the Sixth Circuit to file a successive federal habeas petition. *In re Preston*, No. 18-1847 (6th Cir. Nov. 26, 2018); *In Re Preston*, No. 20-1641 (6th Cir. Dec. 8, 2020); *In Re Preston*, No. 21-1071 (6th Cir. May 12, 2021); *In Re Preston*, No. 21-2620 (6th Cir. Sep. 23, 2021); *In Re Preston*, No. 22-1072 (6th Cir. July 28, 2022); *In Re Preston*, No. 22-1723 (6th Cir. Sept. 28, 2022); *In Re Preston*, No. 24-1010 (6th Cir. Feb. 13, 2024); *In Re Preston*, No. 24-1052 (6th Cir. Feb. 21, 2024); *In Re Preston*, No. 24-1067 (6th Cir. Mar. 7, 2024); *In Re Preston*, No. 24-1232 (6th Cir. Apr. 17, 2024); *In Re Preston*, No. 24-1521 (6th Cir. Nov. 1, 2024); *In Re Preston*, No. 24-1597 (6th Cir. Nov. 1, 2024); *In Re Preston*, No. 25-1045 (6th Cir. Mar. 20, 2025); *In Re Preston*, No. 25-1162 (6th Cir. Mar. 20, 2025); *In Re Preston*, No. 25-1741 (6th Cir. Dec. 23, 2025).

Before filing a habeas petition challenging a conviction previously challenged in a prior habeas petition, the petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Federal district courts lack jurisdiction to consider successive habeas petitions absent preauthorization from the court of

appeals. *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)).

When a petitioner files a second or successive habeas petition in the district court without preauthorization, the district court must transfer the case to the court of appeals. *See* 28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Here, Preston has not obtained appellate authorization to file a successive habeas petition as required under 28 U.S.C. § 2244(b)(3)(A). Accordingly,

It is ORDERED that the Clerk of the Court shall transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether Petitioner may file a successive petition.

SO ORDERED.

Dated: December 29, 2025                    s/Robert J. White
                                            Robert J. White
                                            United States District Judge